FILED'09 APR 21 11:35USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH THUNDERBIRD,  CV. 08-1404-PK

    Plaintiff,  ORDER

  v.

STATE OF OREGON, et al.,

    Defendants.

HAGGERTY, District Judge.

I. <u>Motions for Order (#3, #11 & #14) and Motion for Preliminary Injunction/Temporary Restraining Order (#17)</u>

In his motions for order and motion for preliminary injunction/temporary restraining order, plaintiff contends legal library staff at TRCI ("staff") are denying him his right to access the courts by refusing to photocopy and mail documents relating to his pending civil rights litigation including pleadings, motions, exhibits, discovery and other court required documents.

///

///

1 - ORDER

## STANDARDS

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1]  Under the "traditional" standard, preliminary relief may be granted if the court finds:  (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

---

[1]Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

## DISCUSSION

Plaintiff asserts staff actions have denied him his right to present a prima facie case. He seeks and injunctive order directing staff to photocopy and mail all his pleadings, motions, discovery, exhibits and other court required documents as the federal rules demand. In addition, he seeks an order directing staff to photocopy and mail all future correspondence relating to this litigation both to the court and the Department of Justice.

The court is in receipt of hundreds of pages of legal submissions from plaintiff including his 250-plus page Complaint, numerous motions, affidavits, memoranda and correspondence. It is evident from these voluminous submissions that staff are not preventing plaintiff from adequately accessing the courts. Accordingly, the court concludes that the probability of plaintiff succeeding on the merits of an access to courts claim is low and that he has failed to meet his burden of demonstrating the possibility of irreparable injury. Accordingly, plaintiff's Motions for Order and Motion for Preliminary Injunction/Temporary Restraining Order are denied.

## II. Motion for Appointment of Counsel (#5)

Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent

plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e and plaintiff's Motion is denied.

///

4 - ORDER

### III. Objections to Magistrate Order (#31 & #32)

Plaintiff objects the court's Order (#30) granting defendants' Motion to Make More Definite. Plaintiff states that he "has outlined the facts constituting the alleged violations and has connected each defendant to a claim or claim for relief as Attached as Exhibit #1 First Claim for Relief." Objection Memorandum (#31), p. 3. My examination of Exhibit #1 reveals that plaintiff's "First Claim for Relief" begins on page 169 of his Complaint. Plaintiff objects to court's interpretation of the word "short" in the context of the rule that a Complaint include a short plain statement of the grounds upon which the court's jurisdiction depends and a short plain statement of the claim showing that the pleader is entitled to relief. Plaintiff contends his claims are concise and that due to his disabilities he cannot make them any shorter.

I have considered plaintiff's objections to the court's Order (#30) and conclude such Order is not clearly erroneous or contrary to federal law.

### IV. Motion for Extension of Time (#34)

Plaintiff's motion for an extension of time to file an Amended Complaint is granted. Plaintiff's amended complaint is due on or before June 30, 2009. He is advised, however, that his requests for discovery are premature.

5 - ORDER

## CONCLUSION

Plaintiff's Motions for Order (#3, #11 & #14), Motion for Preliminary Injunction/Temporary Restraining Order (#17) and Motion for Appointment of Counsel (#5) are DENIED. Plaintiff's Objections to Magistrate Order (#31 & #32) are OVERRULED. Plaintiff's Motion for Extension of Time (#34) to file an amended complaint in accordance with the court's Order (#30) is GRANTED. Plaintiff's amended complaint is due on or before June 30, 2009.

IT IS SO ORDERED.

DATED this 20 day of April, 2009.

_____
Ancer L. Haggerty
United States District Judge

6 - ORDER