IN THE UNITED STATES DISTRICT COURT

FILED

OCT 1 2 2010

FOR THE DISTRICT OF OREGON

KENNETH THUNDERBIRD,

     Plaintiff,

                                    CV 08-1404-PK

                                    FINDINGS AND

v.                                 RECOMMENDATION

STATE OF OREGON, MAX WILLIAMS,
MARK NOOTH, SNAKE RIVER MEDICAL
FACILITY, STEVE SHELTON, G. GULICK,
SNAKE RIVER SECURITY DEPARTMENT,
BASSETT, CAIN, HOLLOPSTER, McNIT,
HENSLEY, STRINGER, ADAMS, SHEPPARD,
PATRICK, NURSE HODGE, NURSE GRIFFIN,
NURSE V. CLARK, NURSE KELLER, MERRIT,
HUNT, KUDRAM, GROSS, DEAN, BULILSONS,
WILSON, NURSE JOHNSTON, S. JOHNSTON,
MS. HICKS, TRCI MEDICAL FACILITY, HAYES,
and HANSEN,

     Defendants.

PAPAK, Magistrate Judge:

     Plaintiff *pro se* Kenneth Thunderbird, an incarcerated plaintiff proceeding *in forma*

*pauperis*,[1] filed this action on November 24, 2008. On June 8, 2009, in response to this court's

---

     [1] Although Thunderbird applied for leave to proceed *in forma pauperis*
contemporaneously with filing his complaint, his application was initially denied. On
reconsideration, the court granted his application on March 12, 2009.

Page 1 - FINDINGS AND RECOMMENDATION

order of January 16, 2009, requiring him to make a more definite statement of his claims,

Thunderbird filed documents styled as an "Amended Complaint" and a "Supplemental

Complaint," and on June 26, 2009, a third document, styled as a "Joinder of Claims."

On April 19, 2010, defendants moved to dismiss Thunderbird's claims for failure to state

a claim upon which relief can be granted.  On June 9, 2010, while defendants' motion to dismiss

was pending, Thunderbird moved the court to issue a subpoena for the production of certain

medical records.  On October 5, 2010, without first seeking leave of court to do so, Thunderbird

filed a document styled as his Second Amended Complaint.

Now before the court are defendant's motion (#80) to dismiss and Thunderbird's motion

(#87) for issuance of a medical record subpoena.  I have considered the motions and all of the

pleadings on file.  For the reasons set forth below, I recommend that Thunderbird's filing of

October 5, 2010, be construed as including an informal motion for leave to amend, that such

construed motion be granted and the filing of October 5, 2010, be deemed properly filed as

Thunderbird's second amended complaint, that defendants' motion to dismiss therefore be denied

as moot with leave to refile if warranted, and that Thunderbird's motion for issuance of subpoena

be denied.

## LEGAL STANDARDS

After a defendant has filed a response to an initially-filed complaint, "a party may amend

its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

15(a)(2).  Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave

when justice so requires."  *Id.*  The Ninth Circuit has specified that Rule 15 is to be interpreted

with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing*

Page 2 - FINDINGS AND RECOMMENDATION

*United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), although leave to amend is

nevertheless "not to be granted automatically," *id*. The district court's discretion to deny a motion

for leave to amend is particularly broad where (as here) the court has already given the plaintiff

one or more opportunities to amend her complaint. *See, e.g.*, *Mir v. Fosburg*, 646 F.2d 342, 347

(9th Cir. 1980).

## MATERIAL PROCEDURAL HISTORY

Thunderbird filed this action November 24, 2008. As originally filed, Thunderbird's

complaint filled more than 250 single-spaced, handwritten pages, and alleged some 37 claims

without making clear which of those claims were alleged against which of the large number of

defendants named in the case caption. On January 13, 2009, defendant Max Williams moved for

a more definite statement of Thunderbird's claims.

On March 12, 2009, the court issued an order granting Williams' motion and dismissing

Thunderbird's complaint, but granting Thunderbird leave to file an amended complaint. The

court's order specifically directed Thunderbird "to limit his complaint to allegations of the

essential facts as to each defendant and a brief explanation of how plaintiff contends such alleged

conduct violated his constitutional rights." Docket No. 30, at 5.

On June 8, 2009, Thunderbird filed documents styled as an "Amended Complaint" and a

"Supplemental Complaint," and on June 26, 2009, a third document, styled as a "Joinder of

Claims." On April 19, 2010, defendants filed the motion to dismiss that is now before the court.

On June 9, 2010, Thunderbird filed a document styled as a "Motion for Discovery."

Through that motion, Thunderbird requests that the court issue a subpoena for production of

Thunderbird's medical records. While Thunderbird does not expressly identify the intended

recipient of the requested subpoena, it appears reasonably clear from the language of the motion that the intended recipient is the defendant institution in which Thunderbird is now incarcerated. On July 9, 2010, the court stayed further proceedings on Thunderbird's motion pending disposition of defendants' motion to dismiss.

On October 5, 2010, Thunderbird filed a document styled as his Second Amended Complaint.  Thunderbird did not expressly request this court's leave to amend his pleading before or in connection with filing the document.

## ANALYSIS

### I.    Thunderbird's Filing of October 5, 2010

As noted above, on October 5, 2010, Thunderbird filed a document styled as an amended pleading, without first moving for leave of court to do so.  Although Federal Civil Procedure Rule 15(a)(2) requires that a party obtain leave of court before amending his pleading where, as here, an opposing party has either answered the originally filed pleading or moved to dismiss it, I recommend that the court construe Thunderbird's filing as implicitly including an informal motion for leave to amend.

A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Moreover, it is well settled that, of these factors, the most important is the potential for prejudice to opposing parties, *see Jackson*,

Page 4 - FINDINGS AND RECOMMENDATION

902 F.2d at 1387, *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31

(1971), that futility alone is sufficient grounds for denying a motion to amend, *see Johnson v.*

*Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), *quoting Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th

Cir. 2003), and that undue delay alone is insufficient to justify the denial of a motion for leave to

amend, *see Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Thunderbird's proposed pleading of October 5, 2010, alleges three claims for relief

arising out of defendants' alleged violation of Section 504 of the Rehabilitation Act of 1973, the

Americans with Disabilities Act of 1990, and 42 U.S.C. § 1983. Although Thunderbird's prose is

not a model of clarity, the proposed pleading nevertheless sets forth in reasonable detail each

defendant's alleged role in the complained-of violations of Thunderbird's civil liberties. In

consequence, I find that the new pleading complies with the mandates of Federal Civil Procedure

Rule 8 and with the court's order of March 12, 2009. I therefore conclude that it would not be

futile to grant Thunderbird leave to amend.

There being no grounds to suggest that defendants could be prejudiced by granting

Thunderbird leave to amend, that accepting the proposed pleading would unduly delay these

proceedings, or that Thunderbird filed the pleading in bad faith or with dilatory motive, I

recommend that the court grant Thunderbird's construed motion for leave to amend, and that the

filing of October 5, 2010, be deemed properly filed as Thunderbird's second amended complaint.

## II.    Motion to Dismiss

Defendants moved to dismiss Thunderbird's pleading of June 8, 2009, and/or June 26,

2009, as noncompliant with Federal Civil Procedure Rule 8(a) and noncompliant with the court's

order of March 12, 2009. In light of my recommendation above that the court deem

Thunderbird's filing of October 5, 2010, properly filed as Thunderbird's second amended

complaint, superceding the filings of June 8 and/or 26, 2009, and my finding that Thunderbird's

second amended complaint is sufficient to cure the deficiencies noted in the court's order, I

recommend that defendants' motion to dismiss be denied as moot with leave to refile in the event

warranted.

### III.    Motion for Issuance of Medical Record Subpoena

Thunderbird moves for issuance of a subpoena for the production of his medical records.

Although Thunderbird does not specify the intended recipient of the subpoena, it appears

reasonably clear that the intended recipient is or are one or more defendants in this action.

Pursuant to Federal Civil Procedure Rule 45(a), any party to a federal action may request

that the court issue a subpoena to require a third party's attendance at a hearing, trial, or

deposition or to require the third party to produce or permit inspection of documents or records.

*See* Fed. R. Civ. P. 45(a)(2), (3).  "A party or attorney responsible for issuing and serving a

subpoena must take reasonable steps to avoid imposing undue burden or expense on a person

subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  In determining the propriety of a subpoena,

courts consider "the relevance of the discovery sought, the requesting party's need, and the

potential hardship to the party subject to the subpoena."  *Heat and Control Inc. v. Hester Indus.*,

785 F.2d 1017, 1024 (Fed. Cir. 1986).  "Obviously, if the sought-after documents are not

relevant, nor calculated to lead to the discovery of admissible evidence, then any burden

whatsoever imposed would be by definition undue."  *Compaq Computer Corp. v. Packard Bell

Elec., Inc.*, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

Here, as noted above, it appears that the intended recipient or recipients of the requested

subpoena is or are a defendant or defendants in this action. If that characterization is accurate, Thunderbird has no need for the requested subpoena: as a party to a federal action, Thunderbird is entitled to request the subject medical records of any opposing party in this action in discovery. To obtain the medical records, and indeed any other relevant records or documents from any defendant, Thunderbird need only make a formal, written request for them, pursuant to Federal Civil Procedure Rule 26(b). I therefore recommend that the request for issuance of a subpoena be denied, with leave to refile in the event that Thunderbird intends the subpoena to issue to a third party to this action.

## CONCLUSION

For the reasons set forth above, I recommend that Thunderbird's filing of October 5, 2010, be construed as including an informal motion for leave to amend, that such construed motion be granted and the filing of October 10, 2010, be deemed properly filed as Thunderbird's second amended complaint, that defendants' motion (#80) to dismiss be denied as moot with leave to refile, and that Thunderbird's motion (#87) for issuance of subpoena be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Page 7 - FINDINGS AND RECOMMENDATION

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 12th day of October, 2010.

Honorable Paul Papak
United States Magistrate Judge

Page 8 - FINDINGS AND RECOMMENDATION