FILED

FEB 07 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH THUNDERBIRD,

        Plaintiff,

                                                                                    CV 08-1404-PK

                                                                                     OPINION AND

v.                                                                                 ORDER

OREGON STATE DEPARTMENT OF
CORRECTIONS, MAX WILLIAMS, DON
MILLS, TWO RIVERS CORRECTIONAL
INSTITUTION, MARK NOOTH, SNAKE
RIVER CORRECTIONAL INSTITUTION,
STEVE SHELTON, GULICK, G.LYLTES,
HEALTH SERVICES OF SNAKE RIVER
CORRECTIONAL INSTITUTION, HEALTH
SERVICES OF TWO RIVERS
CORRECTIONAL INSTITUTION, WHILAN,
JOHNSTON, S. JOHNSTON, HAYS,
SIMMONS, HOLLOPETER, McNIT,
HENSLEY, STRINGER, ADAMS, PATRICK,
WANUS, POWELL, MERRIT, HUNT,
KUDRAM, GROSS, DEAN, BULISON, and
WILSON,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Kenneth Thunderbird, an incarcerated plaintiff proceeding *in forma*

Page 1 - OPINION AND ORDER

*pauperis*,[1] filed this action on November 24, 2008, against defendants identified as the State of Oregon, Max Williams, Mark Nooth, Snake River Medical Facility, Steve Shelton, G. Gulick, Snake River Security Department, Bassett, Cain, Hollopster, McNit, Hensley, Stringer, Adams, Sheppard, Patrick, Nurse Hodge, Nurse Griffin, Nurse V. Clark, Nurse Keller, Merrit, Hunt, Kudram, Gross, Dean, Bulilsons, Wilson, Nurse Johnston, S. Johnston, Ms. Hicks, TRCI Medical Facility, Hayes, and Hansen. On June 8, 2009, in response to this court's order of January 16, 2009, requiring him to make a more definite statement of his claims, Thunderbird filed documents styled as an "Amended Complaint" and a "Supplemental Complaint," and on June 26, 2009, a third document, styled as a "Joinder of Claims." On April 19, 2010, defendants moved to dismiss Thunderbird's claims for failure to state a claim upon which relief can be granted, and on October 5, 2010, while defendants' motion to dismiss was pending, Thunderbird filed a document styled as his Second Amended Complaint, without first seeking leave of court to do so. On October 12, 2010, I recommended that Thunderbird's filing of October 5, 2010, be construed as including an informal request for leave to file an amended pleading, and that such construed request be granted and the amended pleading be deemed properly filed. On November 1, 2010, Judge Haggerty adopted my recommendations. Following Judge Haggerty's order of November 1, 2010, Thunderbird's current pleading names as defendants the Oregon State Department of Corrections, Max Williams, Don Mills, the Two Rivers Correctional Institution, Mark Nooth, the Snake River Correctional Institution, Steve Shelton, Gulick, G.lyltes, Health Services of Snake River Correctional Institution, Health Services of Two Rivers Correctional

---

[1] Although Thunderbird applied for leave to proceed *in forma pauperis* contemporaneously with filing his complaint, his application was initially denied. On reconsideration, the court granted his application on March 12, 2009.

Page 2 - OPINION AND ORDER

Institution, Whilan, Johnston, S. Johnston, Hays, Simmons, Hollopeter, McNit, Hensley, Stringer, Adams, Patrick, Wanus, Powell, Merrit, Hunt, Kudram, Gross, Dean, Bulison, and Wilson, and alleges claims for relief under the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and 42 U.S.C. § 1983.

Now before the court are Thunderbird's first motion (#107) and second motion (#108) for a protective order. I have considered the motions and all of the pleadings on file. For the reasons set forth below, each of Thunderbird's motions is denied.

## LEGAL STANDARDS

"A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending. . . ." Fed. R. Civ. P. 26(c)(1). Rule 26(c) provides that a court may for "good cause" issue such a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

\* \* \* [or]

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .

*Id.* To obtain such a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

Page 3 - OPINION AND ORDER

## BACKGROUND

On December 13, 2010, defendants served Thunderbird with a set of discovery requests, styled as "Defendants' First Discovery Request. Defendants' requests included one single request for production, two interrogatory requests, and one single request for admission. Specifically, through Request for Production No. 1 defendants requested production of "any documents related to Inmate Discrimination Complaint #D08-08-02, whether created by plaintiff or the Oregon Department of Corrections or any Oregon Department of Corrections employee," through Interrogatory No. 1 defendants requested that Thunderbird "[d]escribe the subject matter of Inmate Discrimination Complaint #D08-08-02," through Request for Admission No. 1 defendants requested that Thunderbird admit that he "did not seek further review of the response to Inmate Discrimination Complaint #D08-08-02 pursuant to Oregon Administrative Rule 291-006-0015," and through Interrogatory No. 2 defendants requested that, if Thunderbird did not admit Request for Admission No. 1, he "identify the procedure [he] took to seek further review of the response to Inmate Discrimination Complaint #D08-08-02, including specifying any dates of [his] submissions and the dates of any responses [he] received." Defendants requested responses to all four discovery requests within thirty days.

On January 12, 2011, Thunderbird filed a "Motion for Protective Order" and a "Protective Order Request." Through both motions, Thunderbird seeks an order that defendants' requested discovery not be had.

On January 24, 2011, defendants voluntarily withdrew both of the two interrogatory

requests propounded on December 13, 2010.[2] Those requests are therefore no longer at issue, and I therefore construe Thunderbird's motions to be directed only at defendants' Request for production No. 1 and Request for Admission No. 1.

## ANALYSIS

To obtain a protective order, the party resisting discovery or seeking limitations on production or dissemination of discovered documents must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-1211, *citing Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (to obtain a protective order a party must make a "particularized showing of good cause with respect to any individual document"). The Ninth Circuit has characterized the burden the resisting party must meet as "heavy." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)

If the party seeking protection establishes that the requisite particularized harm will occur

---

[2] In connection with voluntarily withdrawing the two interrogatory requests, defendants cited to Federal Civil Procedure Rule 31(a)(2)(B), which requires leave of court before a party may depose an incarcerated party by written questions. It is apparent that defendants labor under the misapprehension that interrogatory requests are within the scope of Rule 31(a)(2). Although I believe it is clear that Rule 31(a)(2)(B) does not impose any requirement that a party obtain leave of court to propound interrogatory requests on an incarcerated party, I perceive no defect in defendants' voluntary withdrawal of the interrogatory requests, and therefore construe the interrogatories as withdrawn. Thunderbird therefore need not respond to either interrogatory request, unless defendants first elect to propound them anew.

Page 5 - OPINION AND ORDER

absent a protective order, the courts must then balance the public interest in access to the information against the party's private interest in shielding it from public scrutiny to determine whether a protective order is appropriate. *See Phillips*, 307 F.3d at 1211, *citing Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Moreover, Local Rule 26.6 provides as follows:

> A party or person asserting there is good cause for the Court to make an order that would limit access to discovery materials not filed with the Court, or would authorize a party or person to file any materials with the Court under seal, **must show with respect to each particular material or category of materials that specific prejudice or harm will result if no order is granted. The showing must be sufficiently detailed to permit the Court in its good cause examination to identify specific factors supporting entry of the order sought.** Where the order sought would authorize a party to file materials under seal, the showing also must articulate why, as an alternative to filing under seal, the information sought to be protected could not be redacted. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning does not satisfy the requirements of this rule. The showing must be made even if the other party stipulates to the entry of the order.

L.R. 26.6 (emphasis supplied).

Thunderbird appears to argue that the discovery sought is "unreasonably cumulative or duplicative" – of what, he does not specify – that defendants have already had ample opportunity to obtain the information sought through discovery and should not be permitted to propound new discovery requests at this late stage of these proceedings, that it is too early in these proceedings for discovery requests to be propounded, and that the discovery sought may be "exempt from initial disclosures under [Federal Civil Procedure R]ule 26(a)(1)." In addition, Thunderbird declares that Inmate Discrimination Complaint #D08-08-02 is already in defendants' possession. Finally, apparently by way of alternative argument, Thunderbird asserts that, "in [f]airness," he should be permitted to propound discovery requests on the defendants should his motions for

Page 6 - OPINION AND ORDER

protective order be denied.

As a preliminary matter, I note that discovery is appropriate at this stage of these proceedings. This is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision," Fed. R. Civ. P. 26(a)(1)(B)(iv), and as such is "a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)," Fed. R. Civ. P. 26(d)(1), in which discovery may be had without need for conferral pursuant to Federal Civil Procedure Rule 26(f), *see id.* Thunderbird may propound appropriate discovery on the defendants at this time, and the defendants on Thunderbird, as provided in Federal Civil Procedure Rule 26.

Even if the truth of Thunderbird's supporting assertions were established, none of them constitutes grounds for issuance of a protective order. Because Thunderbird has not met his burden to show with respect to individual documents or admissions that specific prejudice or harm would occur if the motion were not granted, his motions for protective order are denied.

## CONCLUSION

For the reasons set forth above, Thunderbird's first motion (#107) and second motion (#108) for a protective order are both denied.

Dated this 7th day of February, 2011

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge